**SCHMIDT, SETHI & AKMAJIAN**
1790 East River Road, Suite 300
Tucson, Arizona 85718
FAX: (520) 790-1163
Peter Akmajian
SBN: 009593
Direct Line: (520) 545-1661
E-mail: pakmajian@azinjurylaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FRANCISCO GABRIEL OCHOA, SR., individually, as the surviving husband, on his own behalf and as Statutory Trustee on Behalf of All Beneficiaries of the Wrongful Death Claim Regarding WENDY OCHOA,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; JOHN DOES 1-10; JANE DOES 1-10; BLACK AND WHITE COMPANIES 1-10; ABC CORPORATIONS 1-10; and XYZ LIMITED LIABILITY COMPANIES 1-10,<br><br>Defendants. | No.<br><br>**COMPLAINT**<br>**(Tort – Non-Motor Vehicle)** |

Plaintiff, by and through counsel undersigned, for his Complaint against the Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This wrongful death action is brought pursuant to the Federal Tort Claims Act ("*FTCA*"), 28 U.S.C. §§1346(b), 2671, et seq., against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claim litigation in the Federal District Court.

2. This lawsuit is brought in the name of Plaintiff, Francisco Gabriel Ochoa, Sr. ("*Francisco*"), the surviving husband of decedent, Wendy Ochoa ("*Wendy*"), whose date of birth is April 18, 1973.

3. Wendy is also survived by other wrongful death beneficiaries, specifically, her parents, Robert J. Houston and Isidora Federico, as well as her children, Myranda Isidora Ochoa, Louis Aguiar Ochoa, III, Francisco Gabriel Ochoa, Jr., Hannah Antonia Ochoa and Abraham Zachariah Ochoa. All wrongful death beneficiaries are residents of Yuma County, Arizona, except for Robert J. Houston, who is a resident of the State of New York.

4. Francisco is the proper Statutory Trustee for all beneficiaries of this wrongful death action.

5. Francisco is a resident of the State of Arizona.

6. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. On or about November 25, 2020, Plaintiff filed administrative claims with the appropriate agency (U.S. Department of Health and Human Services) in compliance with 28 U.S.C. §2675. The agency has not yet ruled on the claim and more than six (6) months have elapsed. Plaintiff treats his claims as being rejected and filed this action pursuant to the Federal Tort Claims Act.

8. All events giving rise to this cause of action occurred in Yuma County, Arizona.

9. Venue is proper in the District of Arizona pursuant to 28 U.S.C. §§1391(b)(1), 1391(b)(2), 28 U.S.C. §1391(e)(1), and/or 28 U.S.C. §1402(b)

**PARTIES**

10. Francisco is the surviving husband of Wendy Ochoa. Wendy Ochoa is also survived by her parents, Robert J. Houston and Isidora Federico, as well as her children,

Myranda Isidora Ochoa, Louis Aguiar Ochoa, III, Francisco Gabriel Ochoa, Jr., Hannah Antonia Ochoa and Abraham Zachariah Ochoa.

11. Defendant, United States of America, owns, operates and/or otherwise controls Sunset Community Health Center, Inc. ("*Sunset*"), a federally qualified health care center.

12. Liability of Defendant United States of America is predicated on 28 U.S.C. §§1346(b)(1) and 2674, because the wrongful death and resulting damages that form the basis of this Complaint were proximately caused by the negligence, wrongful acts and/or omissions of Defendant United States of America, if a private person would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Arizona.

13. Plaintiff is not seeking recovery of medical expenses in this action.

14. Pursuant to A.R.S. §12-2603(A), Plaintiff hereby certifies that expert testimony is necessary to prove the healthcare professional's standard of care.

15. The Defendants who are fictitiously designated are so designated because their identities are currently unknown to Plaintiff. The fictitious defendants are individuals and/or corporations and/or partnerships and/or other business entities duly licensed and/or authorized to conduct business and/or provide medical care and services within the State of Arizona and/or have caused certain acts and events material to Plaintiff's claims to occur in Yuma County, Arizona. The fictitiously designated individual defendants were acting for, and on behalf of their respective marital communities, and all fictitious defendants were acting in their individual capacities and/or acting as agents, ostensible agents, servants and/or employees of other named and/or fictitious defendants and/or were employing or holding out other named and/or fictitious defendants as their own employees or agents such that they are liable for the actions of these other under agency and ostensible agency theories. Plaintiff respectfully requests leave of this Honorable Court to amend this

Complaint to provide the true names of the Defendants once their identities have been accurately ascertained.

16. All acts and omissions relevant to this action occurred in Yuma County, State of Arizona.

## FACTUAL BACKGROUND

17. Plaintiff restates and incorporates by reference each and every allegation contained in the prior paragraphs of this Complaint.

18. Since approximately 2009, Wendy had been a patient at Sunset and was treated by agents and employees of the United States of America and Sunset.

19. Wendy was treated for hypertension at Sunset from approximately 2009 until Wendy's last visit at Sunset on December 7, 2018.

20. Starting in 2011, Sunset and its agents and employees failed to adequately treat Wendy's hypertension while Wendy was a patient at Sunset.

21. On or around December 5, 2018, Wendy presented to the Yuma Regional Medical Center ("*YRMC*") Emergency Department with certain signs and symptoms, including severe headache and high blood pressure.

22. The treating provider at the YRMC Emergency Department discharged Wendy from the YRMC Emergency Department on December 5, 2018.

23. On December 7, 2018, Wendy presented to Sunset with continued headache and high blood pressure.

24. The Sunset provider ordered a CT scan but did not order it on a STAT basis.

25. The provider at Sunset failed to provide Wendy with adequate treatment for her high blood pressure on December 7, 2018.

26. Prior to a CT scan being performed, Wendy died suddenly on December 11, 2018, and an autopsy revealed the cause of death was "intracranial bleeding due to hemorrhagic stroke, due to high blood pressure."

27. The United States of America and Sunset breached the standard of care over the course of time from 2011 to December 7, 2018 by failing to adequately address Wendy's long-term high blood pressure, on December 7, 2018 by failing to adequately address Wendy's high blood pressure on that day, and on December 7, 2018 by failing to order a STAT CT scan.

28. Wendy's death on December 11, 2018 was proximately caused by the negligence of the United States of America.

29. As a result of Wendy's death, Francisco and all wrongful death beneficiaries have suffered damages compensable under Arizona's Wrongful Death Statute, A.R.S. §12-611, et seq.

## COUNT ONE – MEDICAL NEGLIGENCE (FTCA)

30. Plaintiff restates and incorporates by reference each and every allegation contained in the prior paragraphs of this Complaint.

31. Based upon the foregoing, the United States of America, Sunset and its agents and employees owed Wendy a duty to exercise reasonable care in their care and treatment of Wendy.

32. The United States of America, Sunset and their agents and employees failed to meet the standard of care.

33. As a direct and proximate result of the United States of America, Sunset and their agents and employees' breach of the standard of care, Wendy died on December 11, 2018.

34. Francisco and all wrongful death beneficiaries have suffered damages as the result of the negligence of the United States of America and Sunset.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

    A. For all damages compensable under Arizona's Wrongful Death

Statute, A.R.S. §12-611, et seq.;

  B. For post-judgment interest on the entire judgment amount;

  C. For taxable costs incurred herein; and

  D. For such other and further relief as the Court deems just in this action.

RESPECTFULLY SUBMITTED this 29th day of September, 2021.

      **SCHMIDT, SETHI & AKMAJIAN**

      By: */s/ Peter Akmajian*
         Peter Akmajian
         *Attorneys for Plaintiff*